IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JERMAINE EDWARD HOLLEY,
*Trustee, Jermaine Edward Holley Estate Living Trust*,

    Plaintiff,

v.

A TOW ATLANTA INC.,

    Defendant.

CIVIL ACTION NO.
1:25-cv-02485-TRJ

## **ORDER**

Plaintiff Jermaine Edward Holley, Trustee for the Jermaine Edward Holley Estate Living Trust, seeks to file a complaint without prepayment of fees and costs or security pursuant to 28 U.S.C. § 1915(a). Holley alleges that Defendant unlawfully seized a vehicle legally owned by the Trust. His application to proceed *in forma pauperis* is **DENIED**.

There are two problems with Holley's application. First, only natural persons may proceed *in forma pauperis—not* artificial entities. *See* 28 U.S.C. § 1915(a)(1); *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–11 (1993) (interpreting § 1915(a) as covering only natural persons); *Ernest James Brown Trust v. Braniff*, No. 8:20-cv-962, 2020 WL 2084772, at *2 (M.D. Fla. Apr. 30, 2020) (finding that the plaintiff, a trust, was not entitled to proceed *in forma pauperis*); *Federal Home Loan Mortg. Corp. v. Yu Hui Jian*, No. 1:14-cv-2891-CAP-AJB, 2014 WL 12860020, at *2 (N.D. Ga. Sep. 26, 2014) (same). Second, even if this action proceeds, Holley has no

authority to represent the Trust in court. "A trustee represents the interests of others and would therefore be engaged in the unauthorized practice of law if allowed to appear *pro se* as a nonlawyer." *J.J. Rissell, Allentown, PA Trust v. Marchelos*, 976 F.3d 1233, 1236 (11th Cir. 2020) (quotation and citation omitted); *see also* 28 U.S.C. § 1654. Although a trustee may bring suit on behalf of a trust under Federal Rule 17, a nonlawyer trustee has no authority to represent a trust in court. *See J.J. Rissell*, 976 F.3d at 1236; *Hesed-El v. Aldridge Pite, LLP*, No. 118-005, 2019 WL 1244724, at *2 (S.D. Ga. Mar. 18, 2019) ("[U]nder Federal Rule of Civil Procedure 17(a)(1), a trustee can file suit in his own name. The trustee, however, is still only a fiduciary to the trust and, thus, cannot proceed *pro se* on its behalf.").

Thus, if Holley wishes to proceed with this action on behalf of the Trust, he is **ORDERED** to pay the appropriate filing fee to the Clerk of Court within **THIRTY (30) DAYS** of the date of this Order. Furthermore, by that same date, he **MUST** file a complaint signed by a licensed attorney. Failure to promptly comply with these instructions could result in the dismissal of this action.

IT IS SO **ORDERED** on this 6th day of May 2025.

*/s/ R. Cannon*
REGINA D. CANNON
United States Magistrate Judge